UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20803-CR-BB

UNITED STATES OF AMERICA

vs.

ALI CABY,
    a/k/a "Alex Caby,"

    Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and **ALI CABY**, a/k/a "**Alex Caby**," (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the following count of the indictment: Count 1, which charges the defendant with conspiracy to (1) export goods from the United States to Syria without a license, in violation of Title 50, United States Code, Sections 1701-1706, and Title 15, Code of Federal Regulations, Part 746.9(a); (2) export goods from the United States to Specially Designated National **SYRIAN ARAB AIRLINES** without a license, in violation of Title 50, United States Code, Sections 1701-1706, and Title 31, Code of Federal Regulations, Part 594.204; and (3) defraud the United States government by interfering with and obstructing a lawful government function by deceit, craft, trickery, and dishonest means, all in violation of Title 18, United States Code, Section 371.

2. This Office agrees to seek dismissal of the remaining counts in the indictment, as to this defendant, after sentencing. The parties agree to jointly recommend that the Court, pursuant

to 18 U.S.C. § 3553(a), should impose a sentence that is below the advisory guideline range based on the parties' compliance with the mutual promises herein. Specifically, the parties will recommend that the Court impose a sentence of 24 months of imprisonment. The defendant understands and acknowledges that the Court is under no obligation to impose a sentence that is below the advisory guidelines range.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to five (5) years, followed by a term of supervised

release of up to 3 years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.

5. The defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion or this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the

defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw the plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

8. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

9. The defendant agrees to forfeit to the United States, voluntarily and immediately, all rights, title, and interest to any property, real and personal, which constitute or are derived from proceeds traceable to the commission of the conspiracy to set forth in Count 1 of the indictment, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section, 2461(c), and the procedures set forth at Title 21, United States Code, Section 853. The defendant specifically agrees to the entry of a forfeiture money judgment in the amount of $17,500, which sum represents the value of the property that is subject to forfeiture from the defendant as to Count 1, to be paid prior to the date of sentencing. To the extent that such property is no longer within the possession or control of the defendant, the defendant agrees that the United States may seek substitute property within the meaning 21 U.S.C. § 853 to satisfy the forfeiture money judgment.

10. The defendant knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to any forfeited property. In addition, the defendant agrees to waive any applicable time limits for administrative or judicial forfeiture proceedings brought against any forfeited property, and any appeal of the forfeited property.

11. The defendant also agrees to assist this Office in all proceedings, administrative or judicial, involving forfeiture to the United States of any property, including substitute property, regardless of its nature, form, or location. The assistance shall include: identifying any property subject to forfeiture, providing testimony before a federal grand jury or in an administrative or judicial proceeding, consenting to the entry of an order enjoining the transfer or encumbrance of such property, and transferring such property to the United States by delivering to this Office, upon this Office's request, any necessary and appropriate documentation, including consents to

forfeiture and quit claim deeds, to deliver good and marketable title to such property.

12.     The defendant knowingly and voluntarily agrees and understands that forfeiture of the Property agreed upon herein shall <u>not</u> be treated as satisfaction (either partial or full) of any assessment, fine, restitution, cost of imprisonment, or any other penalty that the Court may impose upon the defendant in addition to the forfeiture.

13.     Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to conspiracy to violate the International Economic Emergency Powers Act, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

14. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

Date: 10-3-17  By: _____
RICARDO A. DEL TORO
ASSISTANT UNITED STATES ATTORNEY

Date: 10-3-17  By: _____
WILLIAM BARZEE
ATTORNEY FOR DEFENDANT

Date: 10-3-17  By: _____
ALI CABY, a/k/a "Alex Caby"
DEFENDANT