```
1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA
2
                     CASE NO. 1:16-CR-20803-BB-1
3


4
     UNITED STATES OF AMERICA
5                                        Miami, Florida

6          vs.                           December 19, 2017
                                         Tuesday
7
     ALI CABY,                           Scheduled 2:30 p.m.
8    ARASH CABY,                         2:28 p.m. to 3:25 p.m.
     MARJAN CABY
9                                        Pages 1 - 38
     -----------------------------------------------------------
10

11                       SENTENCING HEARING

12
                   BEFORE THE HONORABLE BETH BLOOM
13                   UNITED STATES DISTRICT JUDGE

14

15   APPEARANCES:

16
     FOR THE GOVERNMENT:         RICARDO A. DEL TORO, AUSA
17                               United States Attorney's Office
                                 99 Northeast 4th Street
18                               Suite 620
                                 Miami, Florida  33132
19

20
     FOR DEFENDANT ALI CABY:     WILLIAM R. BARZEE, ESQ.
21                               Courthouse Center
                                 40 Northwest Third Street
22                               Penthouse 1
                                 Miami, Florida  33128
23

24

25
```

```
 1    FOR DEFENDANT ARASH CABY:        MARC DAVID SEITLES, ESQ.
                                       Seitles & Litwin, P.A.
 2                                     Courthouse Center
                                       40 Northwest Third Street
 3                                     Penthouse One
                                       Miami, Florida  33128
 4

 5
       FOR DEFENDANT MARJAN CABY:      SABRINA D. VORA-PUGLISI, ESQ.
 6                                     Damian & Valori, LLP
                                       1000 Brickell Avenue
 7                                     Suite 1020
                                       Miami, Florida  33311
 8

 9
      STENOGRAPHICALLY
10    REPORTED BY:                     GLENDA M. POWERS, RPR, CRR, FPR
                                       Official Court Reporter
11                                     United States District Court
                                       400 North Miami Avenue, Room 08S33
12                                     Miami, Florida  33128

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              (Call to the order of the Court:)

 2              COURTROOM DEPUTY:  All rise.  United States District

 3   Court is now in session; the Honorable Beth Bloom presiding.

 4              THE COURT:  Good afternoon to everyone.  Go ahead and

 5   have a seat.  Just give me a moment.

 6              (Brief pause in proceedings.)

 7              COURTROOM DEPUTY:  Calling Case 16-criminal-20803,

 8   United States of America versus Ali Caby, Arash Caby and Marjan

 9   Caby.

10              Counsel, please state your appearances for the record.

11              MR. DEL TORO:  Good afternoon, Your Honor.  Rick

12   Del Toro on behalf of the United States, along with AUSA

13   Michael Decorel, DOJ trial attorney, Mathew Wizewski*, and at

14   counsel's table, also, Special Agent Eden Coates* of the FBI.

15              THE COURT:  Good afternoon.

16              MR. BARZEE:  Good afternoon, Your Honor.  William

17   Barzee on behalf of Ali Caby, who's present and in custody.

18              THE COURT:  Good afternoon.

19              MR. SEITLES:  Good afternoon, Your Honor.  Marc

20   Seitles, on behalf of Arash Caby, who's here, present before

21   the Court, among family and friends.

22              THE COURT:  Good afternoon.

23              MS. PUGLISI:  Sabrina Puglisi, on behalf of Marjan

24   Caby, who is present.  Good afternoon.

25              THE COURT:  Good afternoon to each of you.
```

 1            May I have the name of the probation officer that's

 2    present in the courtroom?

 3            THE PROBATION OFFICER:  Good afternoon, Your Honor.

 4    Lakiesha Brantley on behalf of U.S. Probation.

 5            THE COURT:  Good afternoon.

 6            As each of you know, the purpose of this afternoon's

 7    proceeding is to determine an appropriate sentence in each

 8    case.

 9            As I understand by my courtroom deputy, that you are

10    requesting that the sentencing proceed at one time; is that

11    correct?

12            MR. BARZEE:  That's correct, Your Honor.

13            MR. SEITLES:  Yes, Your Honor.  Thank you.

14            MR. BARZEE:  And that's a request from all parties.

15            THE COURT:  I'm not quite certain on this end how that

16    bears out, since the Court is going to address each individual

17    separately in order to fully consider the 3553(a) factors.

18            But let me say to Ali Caby, Arash Caby and Marjan Caby,

19    as each of you know, the purpose of this afternoon's proceeding

20    is for the Court to determine an appropriate sentence in each

21    of your cases, a sentence that is sufficient but is not greater

22    than necessary.

23            Each of you were before the Court on October 3rd of

24    this year and each of you entered a plea of guilty to Count 1

25    of a 13-count indictment.

1          Count 1, charging you with conspiracy to violate the

2    International Emergency Economic Powers Act and to defraud the

3    United States, in violation of 18 United States Code, Section

4    371.

5          With regard to Ali Caby, I do not see that the

6    Government is seeking forfeiture.

7          However, with regard to Arash Caby, that is --

8          MR. DEL TORO:  Actually, Your Honor, the Court has

9    entered a forfeiture order with respect to both Ali Caby and

10   Arash Caby, but not as to Marjan.

11         THE COURT:  Not as to Marjan.

12         MR. DEL TORO:  Right.

13         THE COURT:  So I will address -- and I understand, for

14   purposes of any joint recommendations, that the parties are

15   requesting that the sentencing proceed together.

16         However, for purposes of the Court, ensuring that Ali

17   Caby, Arash Caby and Marjan Caby are prepared to proceed, I'm

18   going to address each of them individually.

19         So we'll start first with Ali Caby.

20         And, Mr. Caby, the Court has received and has reviewed

21   in preparation for today the following items:

22         I will refer to each of those items by Docket Entry,

23   since item was filed for record.

24         Docket Entry 98 is your factual proffer statement;

25   Docket Entry 100 is your plea agreement; Docket Entry 111 is

1    the draft disclosure of the presentence investigation report;

2    Docket Entry 115 is the final disclosure of the presentence

3    investigation report.

4         Docket Entry 117 is a notice of filing letters in

5    support of sentencing that Mr. Barzee has filed on your behalf,

6    and the Court has received and reviewed the following items,

7    which are:

8         Each letter, three in total, that were attached as part

9    of the exhibit, one from Gergana Racheva, your wife, one from

10   Georgy Rachev, your father-in-law, and one from Vassil Rachev.

11        Docket Entry 124 is the order of forfeiture; and Docket

12   Entry 126 is a notice of filing letters in support of

13   sentencing, that was an additional letter that the Court

14   received and reviewed from your sister, Sahar Caby.

15        Have you had a full opportunity to review each of these

16   documents with your attorney, Mr. Barzee?

17        DEFENDANT ALI CABY:  Yes, I did, Your Honor.

18        THE COURT:  Do you need any additional time, sir?

19        DEFENDANT ALI CABY:  No, Your Honor.

20        THE COURT:  Are there any additional documents in Ali

21   Caby's case that the Court should have received and reviewed in

22   preparation for today?

23        MR. BARZEE:  No, Your Honor.

24        THE COURT:  Mr. Del Toro?

25        MR. DEL TORO:  Nothing from the Government, Judge.

1          THE COURT:  Is there any legal reason, Mr. Barzee, why

2    sentence should not be imposed today, sir?

3          MR. BARZEE:  No, Your Honor.

4          THE COURT:  Mr. Barzee, I note that in Mr. Caby's case

5    you have not filed any objections to the accuracy of the

6    presentence investigation report; is that correct, sir?

7          MR. BARZEE:  That's correct, Your Honor.  However, I

8    did become aware of something just recently, and that's on

9    page two of the presentence investigation, under the section of

10   "identifying data," it lists an alias, and we're just not sure

11   where that information came from.

12          I know that the Bureau of Prisons relies on the PSI, so

13   I thought, in an abundance of caution, I should raise that with

14   the Court.  The alias that we're not familiar with is Ali Laut,

15   L-A-U-T, with the date of birth of 4-16-76, and the Social

16   Security of 620-08-dot-dot-dot-dot.  I'll leave that blank for

17   the transcript, but it's in the PSI.

18          THE COURT:  Are there documents that would reflect the

19   basis for that alias being listed?

20          THE PROBATION OFFICER:  Your Honor, that information

21   came from the National Crime Information Center.  I have copies

22   of it that link the aliases and the identifiers.  There's also

23   a fingerprint pattern that's also listed with it, so that's

24   where it came from.

25          THE COURT:  Mr. Barzee, do you want to review the

1    information on that in the courtroom?

2          MR. BARZEE:  No, Your Honor.  Probation informed me of

3    that.  Like I said, we don't know the name, we don't recognize

4    it.  Mr. Caby has never used the alias, so...

5          THE COURT:  However, there are documents that support

6    it, so the Court sees no reason to excise that alias that's

7    part of the presentence investigation report, unless you are

8    truly challenging the information contained in the documents

9    the probation officer has.

10          MR. BARZEE:  No, Your Honor, not at this time.

11          THE COURT:  Are there any objections to the -- any

12   other portion of the presentence investigation report or the

13   calculation of the advisory guidelines in this case?

14          MR. BARZEE:  No, Your Honor.

15          THE COURT:  The Court does accept that the facts

16   contained in the presentence investigation report are correct,

17   as well as a correct calculation of the advisory guideline

18   range that reflects a base offense level of 26.

19          Mr. Ali Caby is given a three-level reduction for his

20   acceptance of responsibility.

21          I'm assuming, Mr. Del Toro, the Government is moving

22   for that additional one-level decrease?

23          MR. DEL TORO:  We are, Your Honor.

24          THE COURT:  Resulting in a total offense level of 23.

25   Ali Caby has a criminal history category of 2, resulting in an

1    advisory guideline range of 51 to 60 months; is that accurate?

2          MR. BARZEE:  It is, Your Honor.

3          MR. DEL TORO:  It is, Your Honor.

4          THE COURT:  In considering the 3553(a) factors, Ali

5    Caby, if there is anything that you would like to say directly

6    to the Court in mitigation of your sentence, certainly, this

7    would be the appropriate time.

8          If there are individuals that are present here that

9    would like to speak on your behalf, they may certainly do so.

10   I'm certain that Mr. Barzee will make argument on your behalf,

11   but I do want to give you that opportunity, sir.

12         DEFENDANT ALI CABY:  No, thank you, Your Honor.

13         THE COURT:  Mr. Barzee.

14         MR. BARZEE:  Your Honor, at this time, I would just

15   defer to Mr. Del Toro to address the Court on the issue of the

16   joint recommendation of 24 months.

17         MR. DEL TORO:  And, Judge, we have made a joint

18   recommendation to the Court.  The basis for the recommendation

19   for a downward variance, there's a myriad of reasons.

20         You know, this case, while it is a serious case, and

21   the joint recommendation for a significant sentence of

22   imprisonment in this case reflects that, is a case involving a

23   shipment of aircraft parts to a specially designated national

24   Syrian Air, which is an entity which is part of the Government

25   of Syria.

1        The defendants have accepted responsibility for their

2    part in the conspiracy, they have acknowledged their role in

3    the conspiracy, as owners and officials of a company

4    AW-Tronics, which willfully and intentionally shipped these

5    goods to Syrian Air and, ultimately, to Syria.

6        The reason for the downward variance is significant.

7        While the conduct that the defendants pled to involved

8    over a year-and-a-half of interactions with Syrian Air, the

9    total amount of shipped aircraft parts was $35,000 and none of

10   them were actually weapons or munitions that were involved, so

11   they were dual-use goods that have both military and civilian

12   application.

13       The defendants, as I have said, have accepted

14   responsibility in their roles in the offense, and they have

15   accepted that they willfully defrauded the Government in that

16   they violated IEEPA in the case.

17       And none of them have significant criminal conduct in

18   the past, no felony convictions, you know, obviously, Ali Caby

19   has some criminal past, but not a significant criminal history

20   that would preclude him from a variance.

21       And so, for these reasons, and obviously based on a

22   strategic decision of both parties, to avoid trial and to avoid

23   the time and expense of a trial, we all jointly recommended a

24   two-year sentence with respect to Ali Caby and Arash Caby, and

25   a 12-month-and-one-day sentence with respect to Marjan Caby.

1        THE COURT:  Is there any additional information you'd

2    like to provide to the Court as the basis for the Government's

3    motion for a downward variance?

4        MR. BARZEE:  Your Honor, we'll just join the

5    Government's motion at this time.

6        THE COURT:  Is there any further information,

7    Mr. Barzee, that you'd like to present to the Court?

8        MR. BARZEE:  No, Your Honor.  Thank you.

9        THE COURT:  Any individuals that are present -- are

10   there any individuals that would like to speak directly to the

11   Court, Mr. Barzee?

12       MR. BARZEE:  On behalf of Ali Caby, no, Your Honor.

13   Thank you.

14       THE COURT:  Mr. Arash Caby, in preparation for this

15   afternoon's proceeding, the Court has received and reviewed the

16   following items, and I will refer to each by Docket Entry since

17   each was filed for record.

18       Docket Entry 98 is your factual proffer statement;

19   Docket Entry 99 is the plea agreement; Docket Entry 112 is the

20   draft disclosure of the presentence investigation report.

21       Docket Entry 114 is a notice of filing letters of

22   support for the sentencing hearing, and the Court has received

23   and reviewed the letter from Rabbi Jonathan Fisch; Docket Entry

24   121 is the order of forfeiture the Court entered; and Docket

25   Entry 122 is a second notice of filing letters in support for

 1    the sentencing hearing, and the Court has received and reviewed

 2    the letter from your wife, Catherine Caby.

 3            Have you had a full opportunity to review each of these

 4    documents with your attorney, Mr. Seitles?

 5            MR. SEITLES:  I have, Your Honor.

 6            THE COURT:  I'm asking Mr. Caby if he's had the

 7    opportunity to review?

 8            DEFENDANT ARASH CABY:  Yes, Your Honor.

 9            THE COURT:  Do you need any additional time, sir?

10            DEFENDANT ARASH CABY:  No, Your Honor.

11            THE COURT:  And are there any additional documents that

12    the Court should have received and reviewed in preparation for

13    today's proceeding as to Arash Caby?

14            MR. SEITLES:  No, Your Honor.

15            THE COURT:  Mr. Del Toro?

16            MR. DEL TORO:  No additional information from the

17    Government, Judge.

18            THE COURT:  And is there any legal reason, Mr. Seitles,

19    why sentence should not be imposed today?

20            MR. SEITLES:  No, Your Honor.

21            THE COURT:  I notice in Arash Caby's case that there

22    have been no objections filed to the accuracy of the

23    presentence investigation report; is that correct?

24            MR. SEITLES:  That is correct.

25            THE COURT:  The Court accepts the facts contained in

1   the presentence investigation report, as well as the

2   calculations of the advisory guideline range, which mirrors the

3   guidelines with regard to Ali Caby, and that is the base

4   offense level is 26, with a three-level reduction for

5   acceptance of responsibility, reflecting a total offense level

6   of 23.

7           Arash Caby has a criminal history category of 1,

8   resulting in advisory guideline range of 46 to 57 months; is

9   that correct?

10          MR. SEITLES:  It is, Your Honor.

11          THE COURT:  In considering the 3553(a) factors, Arash

12  Caby, if there is anything that you would like to say directly

13  to the Court, certainly, you may do so.

14          If there are individuals that might be present on your

15  behalf that would like to speak directly to the Court, they may

16  certainly do so.  I'm certain that Mr. Seitles will make

17  argument on your behalf.

18          DEFENDANT ARASH CABY:  Yes, Your Honor.

19          THE COURT:  Is there anything, Arash Caby, that you

20  would like to say directly to the Court?

21          DEFENDANT ARASH CABY:  No, Your Honor.

22          THE COURT:  Mr. Seitles?

23          MR. SEITLES:  Again, as Mr. Barzee, we'll defer to the

24  Government.  The only other additional thing I could add is

25  these gentlemen have lost their business, so the business

1    they've had for 10 years is now gone.  Their financial

2    well-being is, obviously, affected because of it.  They have

3    agreed to pay back the restitution amount in this case, which

4    they have done already and was part of their plea agreement,

5    and there's been a significant affect on their livelihood and

6    their families and businesses, and in addition to the agreed

7    prison sentence.

8         So, subject to that, I will defer to the Government

9    with respect to the recommended sentence and the joint

10   recommended sentence between us and the Government.

11        Thank you, Your Honor.

12        THE COURT:  And when we speak of restitution, are you

13   referring to an amount of money that was forfeited by Mr. Caby?

14        MR. SEITLES:  Yes, Your Honor.

15        THE COURT:  Mr. Del Toro?

16        MR. DEL TORO:  That is correct, Your Honor.  The

17   Government has received checks totaling $35,000, which is the

18   amount of forfeiture required in this case after the Court has

19   issued its forfeiture orders.

20        Again, with respect to Mr. Arash Caby, we make the same

21   joint recommendation of 24 months of imprisonment, based on the

22   factors that I've cited before, and based on the 3553 factors,

23   we believe, jointly, the parties believe, that that sentence is

24   not greater than necessary, but is sufficient to meet the

25   requirements of the statute itself to reflect the seriousness

1    of the offense, deterrence, both as to these defendants and to

2    society in general, protect the public, and provide for some

3    level of rehabilitation.

4           THE COURT:  All right.  Thank you.

5           Mr. Seitles, is there anything further, sir?

6           MR. SEITLES:  No.  Thank you, Your Honor.

7           THE COURT:  Ms. Puglisi is addressing Marjan Caby's

8    case.  Ms. Caby, let me advise you that the Court has received

9    and reviewed in preparation for today the following items, and

10   I will refer, as well, by Docket Entry so each was filed for

11   record.

12          Docket Entry 98 is your factual proffer statement;

13   Docket Entry 101 is the plea agreement; Docket Entry 110 is the

14   the draft disclosure of the presentence investigation report;

15   Docket Entry 113 is the final addendum one disclosure of the

16   presentence investigation report.

17          Let me note that while the Court has not received a

18   separate filing with regard to objections contained within that

19   final addendum one, there's reference to an e-mail, and the

20   Court did receive the e-mail, Ms. Puglisi, that sets forth

21   objections that you have, and I will address whether they've

22   all been resolved in just a moment, but let me continue with

23   the items that the Court has reviewed.

24          Docket Entry 119 is a notice of filing letters in aid

25   of sentencing, and the Court has received and reviewed the

1    letter from your sister, Sahar Caby, your cousin, Marjan

2    Mamooie, Jennifer Oster, and Augustin Ricardo.

3            Docket Entry 120 is a sentencing memorandum and a

4    motion in support of a downward variance that Ms. Puglisi filed

5    on your behalf, and the Court did receive today; Docket Entry

6    125 is the final addendum to disclosure of the presentence

7    investigation report.

8            Marjan Caby, have you had a full opportunity to review

9    each of these documents with your attorney?

10           DEFENDANT MARJAN CABY:  Yes, Your Honor.

11           THE COURT:  Do you need any additional time?

12           DEFENDANT MARJAN CABY:  No, Your Honor.

13           THE COURT:  Are there any additional documents that the

14   Court should have received and reviewed in preparation for

15   today?

16           DEFENDANT MARJAN CABY:  No, Your Honor.

17           THE COURT:  And, Ms. Puglisi, is there any -- when you

18   say no, I just want to make sure from the attorneys,

19   Ms. Puglisi, are there any additional documents the Court

20   should have received and reviewed?

21           MS. PUGLISI:  No, Your Honor.

22           THE COURT:  Mr. Del Toro?

23           MR. DEL TORO:  Nothing from the Government.

24           THE COURT:  And, Ms. Puglisi, is there any legal reason

25   why sentence shouldn't be imposed today?

1          MS. PUGLISI:  No.

2          THE COURT:  Have all of the objections that were set

3    forth -- and I refer to an e-mail that the Court did receive

4    referencing certain objections to -- and let me just state for

5    the record what was contained and has not been filed separately

6    as a document with the Court, and that would include an

7    objection to paragraph 18, 70, 69, 76, 71, 72, 78 and 74.

8          MS. PUGLISI:  Judge, there were more clarifications

9    than anything.  They don't affect the guideline calculations.

10   So for purposes of this, I'll be happy to withdraw them so we

11   can move along.

12         THE COURT:  Has that been discussed with Marjan Caby,

13   and she has no objection to that?

14         MS. PUGLISI:  I did discuss it with her previously to

15   coming here today, and she was fine with that.

16         THE COURT:  All right.  So are there any objections to

17   the accuracy of the presentence investigation report that would

18   include the calculation advisory guidelines?

19         MS. PUGLISI:  Judge, the only thing is, Ms. Caby just

20   mentioned to me on page four that it says the name, the alias

21   of Marsan, M-A-R-S-A-N, Caby, and she has advised that she's

22   never used that name.  I don't know where that information came

23   from.

24         THE PROBATION OFFICER:  That also came from the

25   National Crime --

1        MR. DEL TORO:  And, Judge, if I may clarify.

2        Sometimes the National Crime Information Center will

3    receive misspellings in law enforcement entries, it's the

4    actual data input, so it's possible that those aliases have

5    been inputted that were just misspelled by mistake by a law

6    enforcement officer who has entered it.

7        THE COURT:  Are you requesting anything?

8        Are you bringing it to the Court's attention?

9        MS. PUGLISI:  Judge, I just bring it to the Court's

10   attention.

11       THE COURT:  All right.  Are there any additional

12   objections?

13       MS. PUGLISI:  No, Your Honor.

14       THE COURT:  The Court accepts the facts contained in

15   the presentence investigation report and the calculation of the

16   advisory guidelines that begin with the same base offense level

17   of 26, with a two-level reduction for acceptance of

18   responsibility, additional one level, as motioned by the

19   Government, resulting in total offense level of 23.

20       Ms. Caby has a criminal history category of 1,

21   resulting in advisory guideline range of 46 to 57 months; is

22   that correct?

23       MS. PUGLISI:  Yes, Your Honor.

24       THE COURT:  As part of the motion for a downward

25   variance, Ms. Puglisi, you have requested a sentence of

1    a-year-and-a-day?

2           MS. PUGLISI:  Yes, Your Honor, in accordance with the

3    recommended sentence from the parties.

4           Judge, you know, I think a few things I would like to

5    just point out.  This guideline that's used for this

6    calculation 2N5.1, it starts at a base offense level of 26,

7    which is fairly high, and it doesn't take into consideration

8    various factors.

9           And I think this is one of the reasons that the

10   Government -- we were able to come to a recommendation to a

11   lower number because, in this case, as Mr. Del Toro said,

12   there's $35,000 that was the subject in this case, and that's

13   not taken into consideration with that guideline calculation.

14          Additionally, these were airline parts and not

15   something more nefarious, which also isn't calculated with this

16   guideline.  So, for these reasons, that's one of the -- that's

17   why we got to where we're at.

18          But specifically with respect to Ms. Caby, Ms. Caby is

19   an employee of this company.  Last year, in 2017, she made,

20   approximately, $35,000, and the years before that she never

21   earned more than $52,000.

22          I, in my motion for downward variance, I think, I

23   hopefully conveyed the type of person that Marjan Caby is,

24   which is somebody who has always been somebody who gives back

25   to the community, and I think all of these things should be

1    taken into consideration, somebody who has no prior criminal

2    record, no contacts with the system.

3           I think that a-year-and-a-day is more than sufficient

4    to give punishment to show the seriousness of the offense but,

5    at the same time, taking into consideration the type of person

6    and the actions of Ms. Caby in this case.

7           I did file the letters, Judge, which I know you took

8    into consideration.  We also have one witness here who would

9    like to speak, and her name is Leah Christina.

10           Would you like her to stand at the podium, Judge?

11           THE COURT:  Yes, thank you.

12           MS. PUGLISI:  Okay.

13           THE COURT:  Hi.  Good afternoon, Ms. Christina.

14           LEAH CHRISTINA:  Good afternoon, Judge.  My name is

15    Leah Christina Hernandez, and I'm here for support for Arash,

16    Marjan  and Ali Caby.  I've known them for the last five years

17    and today we frequent the same synagogue and where we're all

18    members.

19           This is a family who is a beautiful, loving family.

20    Their support of each other and their friends is unprecedented.

21    They are excellent human beings, calm, caring and kind.  I

22    frequent their home and they frequent mine.  Any time I need

23    help, they're there willingly with open hands.

24           Arash is a family man.  He has two young children who

25    he teaches respect for others, and this is what he wants to see

1    the most important for him.  It breaks my heart that these two

2    children will be without the presence of their father, who is

3    their mentor.

4         I appreciate your consideration with their family, and

5    I humbly request that you offer them leniency, allowing them to

6    return to society as soon as possible.  Please give them a

7    chance because they only demonstrate that they are only willing

8    to do good for others, and this is what I know, this is how I

9    know them.  Thank you.

10        THE COURT:  Thank you, Ms. Christina.

11        MS. PUGLISI:  Judge, that's it.  We would just ask the

12   Court to follow the joint parties' recommendation of

13   a-year-and-one-day.

14        THE COURT:  I just want to make sure, Marjan Caby, that

15   you know that, certainly, Ms. Christina has spoken on your

16   behalf, as well as Ali and Arash Caby, and if there's anything

17   you want to say?

18        DEFENDANT MARJAN CABY:  Thank you, but I don't have

19   anything to say.  Thank you.

20        THE COURT:  Mr. Del Toro?

21        MR. DEL TORO:  Judge, for the same reasons that I cited

22   previously, we recommend to the Court our joint recommendation

23   with respect to Marjan Caby for downward variance down to

24   12-months-and-one-day.

25        THE COURT:  Do you share in Ms. Puglisi's analysis that

1    Marjan Caby's involvement was different than Ali and Arash?

2          And the reason I ask is, there certainly is nothing

3    reflected in the presentence investigation report with regard

4    to a minor or a mitigating role.

5          MR. DEL TORO:  Right.  And we don't believe that a

6    minor role or a minimal role is appropriate in this case.  We

7    believe that she was a member of the conspiracy, her role was

8    not minor, in the legal sense.

9          She certainly had a lower level of responsibilities

10   than her brothers.  Arash Caby ran the Miami office.  Ali Caby

11   ran the Sofia Bulgaria office.  Marjan Caby handled aspects of

12   export compliance and as an auditor, and so she had a

13   significant role in the company, but she was not one of the

14   executives in the company, was not an owner, a manager, or a

15   supervisor.  And so that reflects her different role in the

16   offense and in the conspiracy.

17         None of these defendants were day-to-day telling

18   people, send this stuff to Syria.  But when the business came

19   to them, they all agreed to do it, and that's why they're

20   guilty of the offenses, and that's why the offenses are

21   serious.

22         However, Arash and Ali were owners and managers, and

23   Marjan Caby was an employee of the company who was involved in

24   the activities in the criminal offenses.

25         THE COURT:  Ms. Puglisi?

1          MS. PUGLISI:  I have nothing further, Judge.

2          THE COURT:  Let me start by saying that the Court has

3    spent a good bit of time to get to know each of you to ensure

4    that the Court knew everything that was available in

5    considering the 3553(a) factors, which would include your

6    history and characteristics, certainly, the circumstance of

7    this offense and the need for a sentence to promote respect for

8    the law and serve as an adequate deterrent to each of you and

9    to others that are similarly situated.

10          Ali Caby, it was very clear to the Court that, at the

11   age of 40, that you are very dedicated to your two children,

12   age 3 and 11 months, particularly, your infant child; and that

13   you are loyal and hard-working, and there is certainly a

14   tremendous amount of support within your family and in your

15   circle of friends.

16          And, Arash Caby, at the age of 44, yourself with two

17   children, Alexander and Morgan, that the letters provide this

18   support with the understanding that you are believed by many to

19   be very kind and generous, with a strong sense of duty and

20   adherence to your faith.

21          And I was very impressed with the letter from your wife

22   and the Rabbi of your efforts, particularly, with regard to the

23   animals that you donate.

24          And, Marjan Caby, at the age of 35, it's obvious to the

25   Court that this is your first contact with the criminal justice

1    system; and from the letters that the Court has received -- and

2    I thank you, Ms. Puglisi, for your sentencing memorandum,

3    because it certainly gave the Court another opportunity to

4    understand you as a person -- that you are self-motivated, very

5    supportive -- as one person said, you always see the cup half

6    full -- you are considerate, you're a positive influence,

7    certainly to those who have been suffering with cancer and

8    other diseases where you've been there, and you've been a

9    mentor and have done a tremendous amount of community service.

10          So I certainly want each of you to know that that has

11   not gone unnoticed.

12          At the same time, the Court recognizes the different

13   roles that each of you played.  Marjan Caby, you were an

14   employee and, Ali and Arash, you were the owner and managing

15   members of AW-Tronics.

16          Let me say, because I believe that the Court has an

17   obligation to note that through your plea agreement and through

18   your plea of guilty to this conspiracy charge that you

19   acknowledge that several transactions took place, that none of

20   you, or AW-Tronics, received any license to export anything to

21   Syria or to Syrian Air.

22          And there's a reason why there are regulations

23   governing and prohibiting certain transactions with Syria by

24   the United States involving goods from the United States, and

25   that includes Syrian Air -- Syrian Arab Airlines, a company

1    owned and controlled by the Government of Syria.

2         Our national security depends upon compliance with the

3    Export Administration Act.  And each of you, through your pleas

4    of guilty, admitted that you conspired to unlawfully export

5    goods from the United States through trans-shipment points to

6    Syria and to Syrian Air; and in so doing, you purposely evaded

7    the prohibitions and the licensing requirements of the IEEPA,

8    the International Emergency Economic Powers Act, and the

9    detection by the United States Government.

10        Each of you, through your activities, provided false

11   information to conceal the illegal exports, and you arranged

12   for payment for these illegal exports through third-party

13   companies, not once, but multiple times over a six-month

14   period.

15        And I'm not going to re-count the times during

16   September 2013 through March of 2014, but suffice it to say

17   that, through your pleas of guilty, you've acknowledged that

18   you've committed these acts and you bear responsibility, and

19   that's why the Court takes its role and its responsibility in a

20   very serious manner.

21        I also recognize that payments, by way of forfeiture,

22   were voluntarily made as part of this plea agreement, and I

23   also recognize that following this sentence there will be other

24   charges to which the Government will move to dismiss.

25        You are not each similarly situated, and so I will

1    begin with Marjan Caby, who I believe played a much smaller

2    role and is deserving of a different sentence.

3           Ms. Caby, the Court thanks Ms. Christina for her

4    statement.  I thank your attorney for sharing with the Court

5    the letters and the sentencing memorandum, but after

6    consideration of the presentence report, which contains

7    advisory guidelines and the statutory factors of 18 United

8    States Code, Section 3553(a), based on the inquiry done by the

9    probation officer, the Court finds that you do not have the

10   ability to pay a fine.

11          The Court grants the joint request for a downward

12   variance, and it will be the judgment of the Court, Ms. Caby,

13   that you'll be committed to the Bureau of Prisons to be in

14   prison for one year and one day as to Count 1.

15          Upon release from imprisonment, you shall be placed on

16   supervised release for a period of two years, as to Count 1.

17   Within 72 hours of your release from the custody of the

18   Bureau of Prisons, you shall report in person to the probation

19   office in the district where you are released.

20          While on supervised release, you shall comply with all

21   standard and mandatory conditions of supervised release, and

22   that includes not committing any crimes, you shall be

23   prohibited from possessing a firearm or other dangerous device,

24   you shall not unlawfully possess a controlled substance, you

25   shall cooperate in the collection of DNA, and you shall comply

1   with the special condition of financial disclosure requirement,

2   no-new-debt restriction, a self-employment restriction, and I

3   am going to require substance abuse treatment while you are in

4   custody and following the two years of supervised release, and

5   the payment of any unpaid restitutions, fines or special

6   assessments.

7        Since you've answered to Count 1, you shall immediately

8   pay to the United States a special assessment of $100.

9        Now that the sentence has been imposed, Ms. Caby, do

10  you or Ms. Puglisi object to the manner in which the sentence

11  was pronounced?

12       MS. PUGLISI:  No, Your Honor.

13       THE COURT:  Ms. Caby, within your plea agreement was a

14  waiver of your right to appeal.  To the extent that it has not

15  been fully waived, let me advise you that any notice of appeal

16  must be filed within 14 days after entry of the judgment.  If

17  you're unable to pay the costs of the appeal, you may apply for

18  leave to appeal in form of pauperis, which means there will be

19  no cost to you.

20       Ms. Caby has been out of custody, and the Court is

21  going to require that she be remanded to the custody of the

22  U.S. Marshal to begin service of her sentence.

23       MS. PUGLISI:  Judge, if I may speak to that.  I would

24  be requesting, Judge, a period of time for her to be able to

25  surrender to her facility.

1          Ms. Caby is a United States citizen.  She will qualify

2     to be designated to a camp.  As Your Honor knows, the facility

3     here across the street is nowhere near what a camp would be

4     like and it could take up to between three to six months for

5     her to be taken to her designated facility.

6          I have spoken to the Government.  We had requested

7     February 23rd as a surrender date, and I believe the Government

8     has no objection to that, which would allow time for her to be

9     designated and for her to surrender to her facility.

10         THE COURT:  Ms. Puglisi, can you advise what has taken

11    place between now and February 23rd that would warrant the

12    Court considering a self-surrender at a later date?

13         MS. PUGLISI:  Judge, I know that it used to take,

14    approximately, three weeks for designation, but now the system

15    has been inundated, and typically it takes, approximately, six

16    weeks.

17         Now, we have asked for eight weeks.  If the Court is

18    inclined, we'd be fine with the six weeks.  But that is how

19    long my understanding and what I've seen in the last, you know,

20    six months, or so, of people designated, it takes approximately

21    six weeks for the Bureau of Prisons to get a person designated.

22         THE COURT:  I see no reason to treat Ms. Caby any

23    differently than any other individual that's been sentenced by

24    the Court.  The fact that she may be designated at a particular

25    institution, while certainly the Court can make a

1    recommendation, Ms. Caby will be taken into custody.

2         MS. PUGLISI:  Will you at least allow me to

3    self-surrender her across the street, Judge, right after this,

4    so that we can walk her over, because that will make a

5    difference with BOP on the designation if she self-surrenders

6    versus being taken in?

7         THE COURT:  Then I'll allow the self-surrender from

8    today; all right?

9         MS. PUGLISI:  If you can just allow 30 minutes from the

10   time we finish?

11        THE COURT:  Certainly.  Are there any requests in

12   Ms. Caby's case?

13        MS. PUGLISI:  No, Judge, she doesn't have any children.

14   I will request, if Your Honor can recommend service at a camp.

15   I know it's only a recommendation, at the end of the day.

16        THE COURT:  I'll make that recommendation.

17        MS. PUGLISI:  Thank you, Judge.

18        THE COURT:  Arash Caby, as I stated previously, the

19   Court notes that your position was a managing member of

20   AW-Tronics and you played a much different role than Marjan

21   Caby.

22        The Court equally recognizes that you have had minimal

23   involvement in the criminal justice system and, certainly, that

24   weighs in your favor.

25        As I stated previously, the Court's sentence must

1    promote respect for the law and serve as an adequate deterrent

2    to you and to others that are contemplating this behavior.

3    Certainly, this behavior is unique in the role that you served

4    and the activities that you performed.

5         And while not recounting those particular acts, let me

6    state that following consideration of the presentence report

7    and a consideration of the statutory factors of 18 United

8    States Code, Section 3553(a), the Court recognizes that there

9    are mitigating factors, including your lack of a criminal

10   record, the early acceptance of responsibility, and the

11   recognition that you have a strong base of familial support,

12   which certainly guides this Court in determination as to

13   whether you will be involved again in the criminal justice

14   system.

15        You have an ability to pay a fine, based on the inquiry

16   done by the probation officer, and a fine is ordinarily not

17   imposed when there is a financial inability, but you have the

18   ability based on the inquiry done by the probation officer; and

19   as such, the Court finds that you are able to pay a fine, and

20   as a violation of this provision of law, the Court is going to

21   impose a fine in the amount of $10,000.

22        And it will be the judgment of the Court, Arash Caby,

23   that you'll be committed to the Bureau of Prisons to be in

24   prison -- and I will accept the joint recommendation for 24

25   months as a downward variance as to Count 1.

1           As I stated, you shall pay a fine in the amount of

2    $10,000 payable to the Clerk of the United States Court.  The

3    fine is payable immediately, and the U.S. Bureau of Prisons,

4    the U.S. Probation Office and the U.S. Attorney's Office are

5    responsible for the enforcement of this Court's order.

6           Upon your release from imprisonment, you shall be

7    placed on supervised release for a term of two years as to

8    Count 1.  Within 72 hours of your release from the custody of

9    the Bureau of Prisons, you shall report in person to the

10   probation office in the district where you are released.

11          While on supervised release, you shall comply with all

12   mandatory and standard conditions of supervised release; that

13   includes not committing any crimes, being prohibited from

14   possessing a firearm or other dangerous device, you shall not

15   unlawfully possess a controlled substance, and you shall

16   cooperate in the collection of DNA.

17          You shall also comply with the following special

18   conditions, and that includes:  Substance abuse treatment, a

19   financial disclosure requirement, no-new-debt restriction,

20   self-employment restriction, permissible search, and the

21   payment of any unpaid restitutions, fines or special

22   assessments.

23          You've answered to Count 1.  You shall immediately pay

24   a special assessment of $100.  Since the Court has entered an

25   order of forfeiture, forfeiture of your right, title and

1    interest in certain property is ordered.

2         Now that the sentence has been imposed, do you or

3    Mr. Seitles object to the manner in which the sentence was

4    pronounced?

5         MR. SEITLES:  No, Your Honor.

6         THE COURT:  As well, Mr. Caby, you have a provision in

7    your plea agreement waiving the right to appeal.  To the extent

8    that it has not been fully waived, any notice of appeal must be

9    filed within 14 days after entry of the judgment.  If you're

10   unable to pay for the cost of the appeal, you may apply for

11   leave to appeal in form of pauperis, which means there would be

12   no cost to you.

13        Do you have any questions, Mr. Caby?

14        DEFENDANT ARASH CABY:  No, Your Honor.

15        THE COURT:  Mr. Seitles?  Stop**

16        MR. SEITLES:  Your Honor, the only thing I would

17   comment is regarding the self-surrender.  Unfortunately, we've

18   not been before Your Honor to know what your policy was

19   regarding self-surrenders.

20        We discussed this with the Government because

21   Mr. Caby's been out on bond for quite sometime, he's had no

22   issues while out on bond, in fact, the bond has been modified

23   several times to actually remove the electronic monitor.

24        You know, given the Court's sentence, give the

25   holidays, it's the last night of Chanukah, I would respectfully

1    request that the Court would consider at least allowing him to

2    self-surrender at the beginning of next year, you know, I think

3    that would certainly alleviate the pain this is going to cause

4    because I incorrectly believed that Your Honor would allow for

5    self-surrender, so I so advised him of that and advised his

6    family.

7            So if anyone's in error, it's myself.  But I did

8    believe that Your Honor would allow for a joint recommendation

9    of a self-surrender, at least sometime early next year.

10           Thank you, Your Honor.

11           THE COURT:  Are there any issues that the Court needs

12   to be aware of that would require a self-surrender, other than

13   it's the holiday season?

14           MR. SEITLES:  There's nothing specific.  I mean, he's

15   got to get -- you know, again, when somebody's getting ready to

16   go to prison, given the fact that he was not prepared to go

17   today, he's got to get his affairs in order, powers of

18   attorney, those types of things, for his wife and his children,

19   say goodbye to his children before he goes into custody.

20           So I think there's some housekeeping matters that would

21   require and necessitate him to have a self-surrender.  But

22   beyond that, there's nothing specific that I can point to.

23           THE COURT:  And as Mr. Caby's been out on bond, he did

24   enter a plea on October 3rd and the Court did advise that the

25   Court was going to set the sentencing for today.

1          MR. SEITLES:  Yes.

2          THE COURT:  I will allow a self-surrender, but the

3    Court sees no basis why Mr. Caby should be treated differently

4    from anyone else who is ordered to be remanded to custody.

5          So that request will be denied.  If you would like a

6    self-surrender, certainly, as I afforded Marjan Caby,

7    certainly, you may do so.  And are there any requests?

8          MR. SEITLES:  Thank you, Your Honor.

9          THE COURT:  Are there any other specific requests, sir?

10         MR. SEITLES:  Yes, I am, Your Honor, the same surrender

11   as Ms. Caby.

12         THE COURT:  Are there any recommendations that you're

13   asking the Court to make, sir?

14         MR. SEITLES:  Yes, Your Honor, location, to be housed

15   in South Florida, specifically, FDC South Miami.

16         THE COURT:  Certainly, I'll make that recommendation.

17         MR. SEITLES:  Thank you, Your Honor.

18         THE COURT:  Mr. Arash Caby, do you have any questions,

19   sir?  Do you have any questions, sir?

20         DEFENDANT ARASH CABY:  No.

21         THE COURT:  The best of luck to you, sir.

22         And Ali Caby, as the Court now turns its attention to,

23   an appropriate sentence in your case that is sufficient, but is

24   not greater than necessary, you are before the Court with a

25   criminal history that is different than that of Arash and

1    Marjan Caby.

2           However, the Court is always concerned with unwarranted

3    sentencing disparities of individuals that are similarly

4    situated.  And while the Court recognizes that there is a

5    criminal history that is different than Arash and Marjan, the

6    Court will honor the joint recommendation and grant the request

7    for a downward variance.

8           In following the consideration of the presentence

9    report, which does contain the advisory guidelines and a full

10   consideration of the statutory factors of 18 United States

11   Code, Section 3553(a), first and foremost, based on the inquiry

12   done, the Court finds that you do not have the ability to pay a

13   fine and a fine will not be imposed.

14          But it will be the finding of the Court that the Court

15   will grant the request for a downward variance, and you'll be

16   committed to the Bureau of Prisons to be in prison for a total

17   of 24 months as to Count 1.

18          Upon your release from imprisonment, you shall be

19   placed on supervised release for a term of two years as to

20   Count 1.  Within 72 hours from your release from the custody of

21   the Bureau of Prisons, you shall report in person to the

22   probation office in the district in which you are released.

23          While on supervised release, you shall comply with all

24   mandatory and standard conditions of supervised release; that

25   includes not committing any crimes, you are prohibited from

1    possessing a firearm or other dangerous device, you shall not

2    unlawfully possess a controlled substance, shall cooperate in

3    the collection of DNA, you must comply with the following

4    special condition, and that is to surrender to immigration for

5    removal proceedings after you've served your term of

6    imprisonment.

7         There will be a financial disclosure requirement, a

8    self-employment restriction, a permissible search, and the

9    requirement that you pay any unpaid restitution, fines or

10   special assessments.

11        Since you've answered to the one count, you shall

12   immediately pay a special assessment of $100.

13        Now that the sentence has been imposed -- let me state

14   that the Court did enter, by way of the order of forfeiture,

15   forfeiture of your right, title and interest, and that is

16   ordered consistent with the Court's entry of its order in this

17   case.

18        Now that the sentence has been imposed, do you or

19   Mr. Barzee object to the manner in which the sentence was

20   pronounced?

21        MR. BARZEE:  No objections, Your Honor.

22        MR. DEL TORO:  And, Judge, I know that you've just

23   mentioned that you have ordered forfeiture with respect to

24   docket entries 121 and 124.

25        The Government also asks that the forfeiture be

1  referenced in the judgment and commitment order as well,

2  please.

3         THE COURT:  And that would be referenced contained

4  within your plea agreement as well, sir, as a waiver of your

5  right to appeal.  To the extent that your appellate right has

6  not been fully waived, let me advise you that you do have the

7  opportunity, if the waiver does not preclude that ability, but

8  any notice of appeal must be filed within 14 days after entry

9  of the judgment.  If you're unable to pay the cost of the

10  appeal, you may apply for leave to appeal in form of pauperis,

11  which means there is no cost to you.

12         Ali Caby, do you have any questions, sir?

13         DEFENDANT ALI CABY:  No, Your Honor.

14         THE COURT:  Mr. Barzee, is there anything further, sir?

15         MR. BARZEE:  There is, Your Honor.  We were going to

16  request that the Court recommend placement at Miami FCI.

17         Thank you.

18         THE COURT:  I'll make that recommendation.

19         Is there anything further?

20         MR. BARZEE:  No, Your Honor.

21         THE COURT:  Mr. Del Toro, is there anything further?

22         MR. DEL TORO:  Nothing further from the Government,

23  Your Honor.

24         THE COURT:  If there's nothing further, then I will

25  allow the self-surrender and --

1          MR. DEL TORO:  Judge, I'm sorry.  Of course, we move

2     for the dismissal of the remaining counts in the indictment,

3     other than Count 1.

4          THE COURT:  As to Marjan, Ali and Arash, the motion is

5     granted as to each individual.

6          MS. PUGLISI:  Your Honor, as to Ali Caby, the fine was

7     waived?

8          THE COURT:  As to Ali Caby, the inquiry done was that

9     Ali Caby was not able to pay the fine, and I'm fine with that.

10         The best of luck to each of you.

11         COURTROOM DEPUTY:  All rise.

12         (Proceedings concluded at 3:25 p.m.)

13

14

15               C E R T I F I C A T E

16

17          I hereby certify that the foregoing is an

18         accurate transcription of the proceedings in the

19         above-entitled matter.

20     January 18th, 2017      /s/Glenda M. Powers
       DATE                    GLENDA M. POWERS, RPR, CRR, FPR
                               Official Federal Court Reporter
21                             United States District Court
                               400 North Miami Avenue, 08S33
22                             Miami, Florida 33128

23

24

25